UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BENFORD,

    Plaintiff,

v.

CITIMORTGAGE, INC.,

    Defendant.
    _____/

Case No. 11-12200

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 14, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On April 18, 2011, Tyrone Benford ("Plaintiff") filed this lawsuit, alleging that CitiMortgage, Inc. ("Citi") violated federal and state laws in connection with the administration of his mortgage loan and the foreclosure of real property located in Detroit, Michigan. Before the Court is Citi's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed, and the Court heard oral argument on August 17, 2011. For the reasons stated below, the Court grants Citi's motion.

**I. Factual and Procedural Background**

On March 8, 2007, Plaintiff obtained a loan from Indigo Financial Group, signing a

promissory note in exchange.  As security for repayment, Plaintiff executed a mortgage on real property located at 19481 Braile Street, in Detroit, Michigan.  Mortgage Electronic Registration Systems ("MERS") was the mortgagee as nominee for the lender.  *See* Def.'s Br. Ex. A at 1.  Citi began servicing this loan, Am. Compl. ¶ 2, and subsequently obtained the mortgage by assignment from MERS.

Plaintiff eventually experienced financial difficulties and could not afford to make the scheduled loan payments.  He sought modification of the loan, and entered into a "Special Forbearance Plan Agreement" with Citi on January 13, 2010, providing that Citi would defer collections activity if Plaintiff made a series of four monthly payments.  *See* Am. Compl. Ex. 2.  In the meantime, Plaintiff's request for loan modification would be reviewed.  Plaintiff claims that he provided Citi with financial documents to be reviewed in connection with his loan modification request.  Am. Compl. ¶ 5.

In a letter dated July 22, 2010, Citi informed Plaintiff that he would not be approved for loan modification and the terms of his loan would remain unchanged.  Am. Compl. Ex. 3.  Soon afterward, Plaintiff sent Citi a check for $1,351.07, the amount of his regular monthly mortgage payment.  Citi rejected his check and requested that Plaintiff tender payment of $19,525.22, which was the total amount past due on the loan, including late charges.  *See* Am. Compl. Ex. 4.

On August 14, 2010, Plaintiff sent Citi a letter designated as a "qualified written request pursuant to the Real Estate Settlement and Procedures Act."  In this letter, Plaintiff asked for the loan's payment history, an accounting of arrears owed, an explanation of how the monthly payment was derived, an itemization of foreclosure-related fees and

escrow items that had been charged to the loan, and copies of the note, mortgage, and escrow statements. Am. Compl. Ex. 5. Citi responded in a letter dated August 19, 2010, stating that Plaintiff was being sent a "financial package" to help him obtain financial assistance.

Plaintiff claims that he attempted to contact Citi regarding loan modification, but obtained no response. Am. Compl. ¶¶ 9-10. Instead, he received a letter dated September 16, 2010 from Citi's foreclosure counsel, Trott & Trott, P.C., stating that Citi had elected to accelerate the loan and begin foreclosure proceedings. The following day, Plaintiff received a notice of foreclosure publication, stating that a sheriff's sale of the property was to be held on October 20, 2010. Plaintiff's counsel contacted Trott & Trott, P.C. on September 23, 2010, requesting an "in person mediation" pursuant to Michigan Compiled Laws § 600.3205. Am. Compl. ¶ 12. Plaintiff subsequently received a letter from Citi dated October 12, 2010, indicating once again that his loan would not be approved for modification. Citi purchased the home at the sheriff's sale on October 20, 2010.

Plaintiff filed this action in Wayne County Circuit Court, and Citi timely removed it to this Court. The Complaint asserts the following claims: violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act (Count I); misrepresentation (Count II); wrongful foreclosure (Count III); violation of Michigan Compiled Laws § 600.3205 *et seq.* (Count IV); and violation of the Real Estate Settlement Procedures Act (Count V).

Citi filed its motion to dismiss, arguing that Plaintiff has failed to state a claim upon which relief may be granted. On August 17, 2011, the Court held a hearing on Citi's

3

motion and allowed Plaintiff the opportunity to amend his Complaint. Plaintiff filed his Amended Complaint on August 30, 2011, and Citi filed a renewed motion to dismiss on September 13, 2011.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). The Court may also consider public records. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

### III. Discussion

**A. Mortgage Brokers, Lenders, and Servicers Licensing Act**

Citi argues that Plaintiff's claim under Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Michigan Compiled Laws § 445.1651 *et seq.*, must be dismissed because Citi was not bound by the statute's requirements. The Court agrees. State laws apply to national bank operating subsidiaries only to the extent that they apply to the parent national bank.[1] *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 20-21, 127 S. Ct. 1559, 1572 (2007). Because states may not regulate the mortgage lending of national banks, they are prohibited from regulating mortgage lending carried out by national banks'

---

[1] The Dodd-Frank Act appears to subject the operating subsidiaries of national banks to state consumer financial laws, *see* 12 U.S.C. § 25b(e), but this provision became effective on July 21, 2011, subsequent to the events in this case.

operating subsidiaries. *Id.* at 17-19, 127 S. Ct. at 1570-71. Citi is an operating subsidiary of Citibank, N.A., a nationally chartered bank. Accordingly, the MBLSLA's requirements do not apply to Citi's administration of Plaintiff's loan.

Plaintiff's claim is also barred by the statute of frauds. Citi allegedly represented to Plaintiff that it was evaluating his loan for modification, even though it was at that time proceeding with foreclosure. Am. Compl. ¶ 19. Plaintiff essentially seeks to enforce a commitment to modify his loan, but such claims are subject to the statute of frauds, which provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Michigan Compiled Laws § 566.132(2). Citi is a "financial institution" under the statute, as it is an operating subsidiary of a nationally chartered bank. *See* Michigan Compiled Laws § 566.132(3). Plaintiff therefore cannot assert his claim absent a written, signed promise to modify the loan. As Plaintiff has failed to point to such a promise, his claim must be dismissed.

## B. Misrepresentation

In his misrepresentation claim, Plaintiff alleges that Citi promised to evaluate his

6

mortgage loan for modification even though it did not intend to assist him.  Am. Compl. ¶ 22.  This claim is barred by the statute of frauds to the extent that it seeks to enforce a promise to modify Plaintiff's loan.  Moreover, a party asserting misrepresentation must show that his reliance on the allegedly false statement was reasonable.  *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 690, 599 N.W.2d 546, 554 (Mich. Ct. App. 1999).  Citi allegedly promised to *evaluate* Plaintiff's loan for modification; absent a more definitive statement, it would be unreasonable to assume that modification would result.  Plaintiff indicates that the evaluation was completed, *see* Am. Compl. ¶ 5, although the outcome was not what he desired.  The Court therefore concludes that Plaintiff has failed to identify an actionable misrepresentation.

## C. Wrongful Foreclosure and Violation of Michigan Compiled Laws § 600.3205

Citi argues that Plaintiff lacks standing to assert Counts III and IV of his Complaint, which seek to set aside the foreclosure sale.  Under Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished.  *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Michigan Compiled Laws § 600.3236.  At that point, the former owner loses standing to assert claims with respect to the property.  *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009); *see also Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 U.S. Dist LEXIS 132576, at *5-6 (E.D. Mich. Dec. 15, 2010).  Even the filing of a lawsuit does not toll the redemption period.  *Overton*, 2009 Mich. App. LEXIS 1209, at *3.  Plaintiff's property was sold at a sheriff's sale on October 20, 2010.  The

redemption period expired six months later, on April 20, 2011. Michigan Compiled Laws § 600.3240(8). The Court concludes that once the redemption period expired, Plaintiff could no longer seek a judgment setting aside the foreclosure sale.

At the hearing, Plaintiff's counsel argued that the allegations here warrant an equitable extension of the redemption period. Michigan law requires a clear showing of fraud or irregularity to justify an extension of the redemption period. *Overton*, 2009 Mich. App. LEXIS at *3 (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). Plaintiff has alleged several irregularities in the foreclosure, and the Court shall address each of these in turn.

Plaintiff contends that the sheriff's sale is void *ab initio* under *Residential Funding Co., LLC v. Saurman*, No. 290248, 2011 Mich. App. LEXIS 719 (Mich. Ct. App. Apr. 21, 2011), but the Court disagrees. *Saurman* invalidated a foreclosure by advertisement conducted by MERS because Michigan statute restricts this remedy to the servicer of the mortgage or one who owns the indebtedness or an interest in the indebtedness secured by the mortgage. *Id.* at *27 (citing Michigan Compiled Laws § 600.3204(1)(d)). The Court of Appeals concluded that because MERS did not service the mortgage and owned no interest in the note, it could not foreclose by advertisement. *Id.* Here, Plaintiff's Amended Complaint admits that Citi serviced the mortgage. Am. Compl. ¶ 2. Citi may therefore foreclose by advertisement under § 600.3204(1)(d), and *Saurman* does not apply.

Plaintiff asserts that *Saurman* also stands for the proposition that a lender obtaining assignment of a mortgage from MERS may not foreclose by advertisement. Am. Compl. ¶ 32. This argument lacks merit. *Saurman* expressly recognized that the foreclosing party

8

could obtain assignment of a mortgage from MERS prior to the initiation of foreclosure proceedings. *Saurman*, 2011 Mich. App. LEXIS 719, at *20 n.6.

Plaintiff asserts that Citi wrongfully foreclosed on the mortgage by failing to satisfy statutory conditions relating to notice. Am. Compl. ¶ 38. The statute cited by Plaintiff, Michigan Compiled Laws § 600.3205a, requires a foreclosing party to send the borrower notice regarding his right to request loan modification. Allegations that such notice was defective are insufficient to justify an equitable extension of the redemption period. *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 U.S. Dist. LEXIS 44654 at *8 (E.D. Mich. Apr. 26, 2011); *see also Galati v. Wells Fargo Bank*, No. 11-11487, 2011 U.S. Dist. LEXIS 126124 at *10-12 (E.D. Mich. Nov. 1, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 U.S. Dist. LEXIS 74291 at *14-17 (E.D. Mich. July 11, 2011). Thus, upon expiration of the redemption period, Plaintiff lost his opportunity to challenge any alleged defects in the modification notice.

To the extent that Plaintiff has asserted a violation of Michigan Compiled Laws § 600.3205c(8), his claim fails because the statute does not permit the Court to set aside a completed foreclosure sale. This statute provides:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure.

Michigan Compiled Laws § 600.3205c(8). The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the

proceeding into one of judicial foreclosure.  A borrower may not challenge a completed foreclosure sale under this statute.  *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226 at *12 (E.D. Mich. Aug. 10, 2011); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *28-29 (E.D. Mich. Feb. 24, 2011).

**D. Real Estate Settlement Procedures Act**

Plaintiff alleges that Citi violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), by failing to adequately respond to his qualified written request.  Am. Compl. ¶ 47.  Citi argues that Plaintiff has failed to state a plausible claim under RESPA, as he has not alleged damages resulting from the violation.  To assert a plausible claim under § 2605(e), a plaintiff must allege actual damages resulting from the RESPA violation.  *Battah v. Resmae Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010); *Mekani v. Homecomings Fin., LLC*, 2010 U.S. Dist. LEXIS 66822, at *27-28 (E.D. Mich. July 6, 2010) (collecting cases).  Plaintiff asserts that his injuries included the wrongful foreclosure of his property, the impairment of his credit, and emotional distress, Am. Compl. ¶ 48, but these damages cannot be said to result from the failure to respond to Plaintiff's qualified written request.  Although Plaintiff desired an explanation of the amounts owed on his loan, Citi's alleged failure to provide him with that information did not result in foreclosure.  Rather, Plaintiff's failure to make the loan payments triggered this course of events.  Plaintiff has failed to assert facts that would allow the Court to conclude that he suffered damages from the alleged RESPA violation.  He has therefore failed to state a plausible claim under the statute.

### IV. Conclusion

For the reasons stated above, the Court concludes that the Complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by CitiMortgage, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Vanessa G. Fluker, Esq.
Kathryn J. Miller, Esq.
Robert Hugh Ellis, Esq.